UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

FRANKLIN LEROY HOWELL, II,

        Plaintiff,                      Case No. 1:12-cv-442

v.                                                Honorable Robert Holmes Bell

MUSKEGON CO. COURTS et al.,

        Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff will pay the filing fee as funds become available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2); 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed.

**Factual Allegations**

Plaintiff Franklin Leroy Howell, II, is being held in the Muskegon County Jail. He sues "Muskegon Co. Courts," "60th Judicial Dist.," and "Muskegon, MI." (Compl., docket #1, Page ID##1, 2.) In his *pro se* complaint, Plaintiff alleges the following:

> My violations have well exceeded the statute of limitations, my meds have bee[n] issued to me I have not been allowed to make a free phone call, as my medical conditions are life threatening[.] The[y] elect to ignore all my civil rights, and my wife is dying, any day, and may loose [sic] her life[.]
>
> Tony Tague, Kristine Coffee, Harold F. Closz III, I have written, The Judge in Case Hon Judge Hicks, I wrote medical staff & spoke w/ Lt Burns, Chaplain, I have tried to speak to Graig as well and I have heard nothing from no one.
>
> . . . I would like the court to release me, as soon as possible, for I may loose [sic] my wife & life at any time. The FBI have been contacted and contacted me in matters in Ky, as I have feared for my life and not only there but here[.]

(Compl., docket #1, Page ID##3, 4.)

**Discussion**

I.  Immunity

The Muskegon County Courts and the 60th Judicial District are immune from suit in this Court. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979),

and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986).

The circuit courts of the State of Michigan are clearly arms of the state and, thus, immune from suit. *See, e.g., Nicklay v. Eaton Cnty. Cir. Court*, No. 1:08-cv-211, 2008 WL 2139613, at *5 (W.D. Mich. May 20, 2008). Under the Michigan Constitution, the judiciary is a separate and independent branch of state government. *See Judicial Attorneys Ass'n v. State*, 586 N.W.2d 894, 897-98 (Mich. 1998). Each state court is part of the "one court of justice" established by the Michigan Constitution. MICH. CONST. art. VI, § 1 ("The judicial power of the state is vested exclusively in one court of justice which shall be divided into one supreme court, one court of appeals, one trial court of general jurisdiction known as the circuit court, one probate court, and courts of limited jurisdiction that the legislature may establish by a two-thirds vote of the members elected to and serving in each house"); *see Smith v. Oakland Cnty. Circuit Court*, 344 F. Supp. 2d 1030, 1055 (E.D. Mich. 2004). The circuit courts are part of the state government, not the county or the city. *Judges of the 74th Judicial Dist. v. Bay Cnty.*, 190 N.W.2d 219, 224 (Mich. 1971). The Sixth Circuit squarely has held that suits against Michigan courts are barred by Eleventh Amendment sovereign immunity. *See Abick*, 803 F.2d at 877. The Sixth Circuit decision is but one of numerous federal court holdings recognizing Eleventh Amendment immunity in suits brought against the state courts. *See Harmon v. Hamilton Cnty. Court of Common Pleas*, 83 F. App'x 766, 768 (6th Cir. 2003); *Metz v. Supreme Court of Ohio*, 46 F. App'x 228, 236-37 (6th Cir. 2002); *Mumford v. Basinski*, 105 F.3d 264, 268-70 (6th Cir. 1997); *see also Brooks-McCollum v. Delaware*, 213 F. App'x 92, 94 (3d Cir. 2007); *Zabriski v. Court Admin.*, 172 F. App'x 906, 908 (11th Cir. 2006); *Wilson v. Puma Cnty. Sup'r Court*, 103 F. App'x 285, 286 (9th Cir. 2004); *Harris v. Champion*, 51

F.3d 901, 905-06 (10th Cir.1995). Furthermore, civil rights actions under 42 U.S.C. § 1983 may only be brought against a "person," and courts and judicial districts are clearly not persons within the meaning of the statute. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). The 60th Judicial District and Muskegon County Courts must therefore be dismissed on grounds of Eleventh Amendment immunity and failure to state a claim.

        II.       <u>Failure to state a claim</u>

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal*

plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

In addition to the Defendants who are immune from suit, Plaintiff also sues the City of Muskegon. A municipality may only be liable under § 1983 when its policy or custom causes the injury, regardless of the form of relief sought by the plaintiff. *Los Angeles Cnty. v. Humphries*, 131 S. Ct. 447, 453-54 (2010) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1974)). In a municipal liability claim, the finding of a policy or custom is the initial determination to be made. *Doe v. Claiborne Cnty.*, 103 F.3d 495, 509 (6th Cir. 1996). The policy or custom must be the moving force behind the constitutional injury, and a plaintiff must identify the policy, connect the policy to the governmental entity and show that the particular injury was incurred because of the execution of that policy. *Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005); *Alkire v. Irving,* 330 F.3d 802, 815 (6th Cir. 2003); *Doe*, 103 F.3d at 508-509. It is the court's task to identify the officials or governmental bodies which speak with final policymaking authority for the local government in a particular area or on a particular issue. *McMillian v. Monroe Cnty.*, 520 U.S. 781, 784-85 (1997).

In matters pertaining to the conditions of the jail and to the operation of the deputies, the sheriff is the policymaker for the county. MICH. COMP. LAWS § 51.75 (sheriff has the "charge and custody" of the jails in his county); MICH. COMP. LAWS § 51.281 (sheriff prescribes rules and regulations for conduct of prisoners); MICH. COMP. LAWS § 51.70 (sheriff may appoint deputies and revoke appointments at any time); *Kroes v. Smith*, 540 F. Supp. 1295, 1298 (E.D. Mich. 1982) (the sheriff of "a given county is the only official with direct control over the duties, responsibilities, and methods of operation of deputy sheriffs" and thus, the sheriff "establishes the policies and customs described in *Monell*"). Thus, the Court looks to the allegations in Plaintiff's complaint to determine whether Plaintiff has alleged that the sheriff has established a policy or custom which caused Plaintiff to be deprived of a constitutional right.

Plaintiff's action fails at this first step because his allegations have not identified a policy or custom. A "policy" includes a "policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the sheriff. *Monell*, 436 U.S. at 690. Plaintiff has not asserted that there is an official policy. Moreover, Plaintiff has not identified a custom. The Sixth Circuit has explained that a "custom"

> . . . for the purposes of *Monell* liability must be so permanent and well settled as to constitute a custom or usage with the force of law. In turn, the notion of "law" includes deeply embedded traditional ways of carrying out state policy. It must reflect a course of action deliberately chosen from among various alternatives. In short, a "custom" is a "legal institution" not memorialized by written law.

*Doe*, 103 F.3d at 507 (citations and quotations omitted). Plaintiff alleges that he has not been allowed to make a phone call, and that his life is in danger because he suffers from a serious health condition. He fails to state a claim, however, because he does not allege that these conditions are

the result of a custom or policy. Therefore, Plaintiff fails to state a claim against the City of Muskegon.

Finally, to the extent Plaintiff seeks release from custody, his claim is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). The Court declines to construe this action as a petition for habeas corpus. *See Moore v. Pemberton*, 110 F.3d 22, 23-24 (7th Cir. 1997) (reasons for not construing a § 1983 action as one seeking habeas relief include (1) potential application of *Heck v. Humphrey*, 512 U.S. 477 (1994), (2) differing defendants, (3) differing standards of § 1915(a)(3) and § 2253(c), (4) differing fee requirements, and (5) potential application of second or successive petition doctrine or three-strikes rules of § 1915(g)).

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed because Defendants are immune and/or for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: May 30, 2012                    /s/ Robert Holmes Bell
                                       ROBERT HOLMES BELL
                                       UNITED STATES DISTRICT JUDGE